D. C. COLEMAN, Sheriff, Dade County, v. DONALD ACHIM.

153 So. 96.

Division B.

Opinion Filed February 27, 1934.

*Theo T. Turnbull,* for Plaintiff in Error;

*Roger Edward Davis* and *J. S. G. Gallagher,* for Defendant in Error.

BUFORD, J.—This case comes to us on writ of error to a judgment of the Circuit Court of Dade County discharging the defendant in error in habeas corpus proceedings.

The petition shows that petitioner was charged by information filed in the Criminal Court of Record of Dade County with having violated the provisions of Chapter 14764, Acts of 1931, in that the petitioner on the 15th day of October, 1933, "was owning, controlling, operating or managing a Lincoln passenger automobile, a motor propelled vehicle in said county not usually operated on or over fixed rails, but operated upon the public highways of said county and State of Florida, said vehicle being a passenger car with a capacity of not more than seven passengers, and being used for the transportation of persons for compensation over the public highways in the State of Florida, the said Donald Achim not having made any application for Certificate of Public Convenience and Necessity or permit and not having received from the Railroad Commission of the State of Florida a certificate that the present or future public convenience and necessity or permit requires or will require such operation, all of which is in violation of Chapter 14764, Laws of Florida, 1931."

There is no contention that the information was insufficient to charge the offense, but it was contended in the court below, and is contended here, that under the facts as they were conceded to exist, no offense was committed. The case was presented to the court below on a stipulation of facts in the following language:

"That Donald Achim, at the time of his arrest, was operating an automobile with four passengers from Miami, Florida, to Semp, North Carolina, for compensation. He had received a portion of this compensation, to-wit: Twenty-four ($24.00) Dollars, at the time of his arrest, and was to receive the remainder of his compensation, to-wit: Thirty-two ($32.00) Dollars in Tampa, Florida. It is further admitted and agreed that the State is unable to prove that petitioner had engaged in previous trips of the

character of the one in which he was engaged at the time of his arrest, and it is further admitted and agreed that the State is unable to prove that petitioner intended to make other trips of the same nature in the future; it is also admitted that the petitioner was operating said automobile under a private license and that he had not made application to the Railroad Commission of the State of Florida for a permit to operate under Chapter 14764, Laws of Florida, Acts of 1931."

"It is further agreed by and between the parties hereto that the above statement of facts constitute the testimony in said cause, and that the information heretofore filed by the County Solicitor of Dade County, Florida, charging Donald Achim, petitioner, with a violation of the provisions of Chapter 14764, Laws of Florida of 1931, is based solely on said statement of facts as hereto agreed upon, and that the State would have no other or further testimony upon which to base said information."

It may be said that Chapter 14764 was enacted primarily to authorize State supervision and control of motor vehicles operated for hire on the public highways of the State of Florida and that public welfare was the prime consideration for the enactment of the statute. When the State assumed to supervise and control the operation of motor vehicles for hire on the State highways, it became the duty of the State to cast reasonable provisions for protection around those vehicles and the operators thereof which were required to comply with the law and it also became the duty of the State to enact provisions for the protection of the public in connection with the use by the public of such motor vehicles.

In the exercise of this power and duty the Legislature has required persons engaged in the business of transporting passengers for compensation to comply with certain rules

and regulations which have either been enacted by the Legislature or promulgated, with its authority, by the Railroad Commission. It is further provided that no person, firm or corporation may engage in the business of operating motor vehicles on the highways of the State for compensation without complying with these rules and regulations and paying fixed taxes and fees for such privilege.

As heretofore stated, the information sufficiently charges the petitioner with the violation of the law and we do not think that the stipulation of facts sufficiently shows that the petitioner was not guilty of any violation of the law to warrant his discharge on habeas corpus.

Although the stipulation avers "that the State would have no other or further testimony upon which to base said information," we think that the very statement of facts itself demonstrates that there is further evidence which could be procured on the trial.

If it should be developed upon the trial that this automobile trip from Miami to Tampa and thence on to Hemp, North Carolina, was a joint adventure between the owner of the automobile and the four passengers as to which it was agreed that $54.00 should be the contribution of the four passengers to the expenses of the trip, then the transaction would not come within the purview of the statute, but if it should be shown on the trial that the owner of the automobile had held himself and his automobile out to these individuals, or to the public from which these individuals were gathered, as being ready, willing and able to transport these individuals in the automobile from Miami, Florida, via Tampa to Hemp, North Corolina, for a fixed fee or charge to constitute his compensation for so transporting them, that would constitute an independent business transaction in which he would engage to transport each of these individuals in a motor driven vehicle over

the public highways of the State of Florida for compensation and to that extent the transaction would constitute him a private contract carrier for hire. By this act he would come in direct competition with the other carriers, both private and common carriers who have complied with the statutes and paid the taxes and fees authorizing them to engage in such business and would deprive them of the protection of the law which the State has guaranteed to them.

One may not solicit and procure business and then successfully deny that he is engaged in such business. The right of the State to enforce such legislation as is here under consideration was upheld by this Court in Riley v. Lawson, 106 Fla. 521, 143 Sou. 619, and in Cahoon v. Smith, 99 Fla. 1174, 128 Sou. 632. The judgment in the latter case was reversed by the United States Supreme Court (see 51 S. Ct. 582, 283 U. S. 553, 72 Law Ed. 1264) but the reversal does not affect the points involved here.

For the reasons stated, we think the judgment of the Circuit Court should be reversed, and the petitioner remanded to the custody of the Sheriff of Dade County for further proceedings not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.