STATE, *ex rel.* NORRIS COATS, v. H. R. WHITAKER, Sheriff of Flagler County.

171 So. 521.
Opinion Filed December 18, 1936.
Rehearing Denied January 11, 1937.

*Thad H. Carlton, Fred R. Wilson* and *Errol S. Willes,* for Relator;

*Theo T. Turnbull* and *Wm. P. Simmons, Jr.,* for Respondent.

PER CURIAM.—Petitioner in this case is the owner of a truck and four-wheel trailer licensed under Chapter 16085, Acts of 1933, for "private use," that is to say, his motor

vehicles are not equipped with "for hire" license tags, issued under said Act, although he hauls for compensation agricultural and horticultural products exclusively from the point of production, assembly or primary manufacture of such products to Jacksonville, a point of trans-shipment of same by rail, or water, carriage, as he is permitted to do by the express provisions of Section 2 of Chapter 16085, Acts of 1933 (Section 1011 R. G. S., as amended).

On a return trip from Jacksonville, petitioner was arrested in Flagler County for being engaged in the transportation for compensation of a load of fertilizer directly from the Virginia-Carolina Chemical Corporation, the manufacturer thereof, to a farmer consumer in Fort Pierce. The committing magistrate before whom he was hailed on a charge of operating his motor vehicle without a permit as required by Chapter 14764, Acts 1931, found as a fact that the hauling was on a return load made as a casual and irregular trip, and with no fixed termini or regular schedule, but remanded him for trial under Chapter 14764, *supra,* on the ground that fertilizer so hauled from manufacturer to consumer for compensation was not within any of the exceptions of Section 30 of Chapter 14764, Acts 1931, although it might be considered the haulage of an agricultural supply that would be within the exception of Section 2 of Chapter 16085, Acts 1933, in so far as "for hire" licensing of the vehicle is concerned.

Where a motor vehicle is being operated in hauling for compensation as defined by Chapter 14764, Acts of 1931, not devoted "exclusively" to an operation exempted by Section 30 of said Chapter 14764, Acts 1931, from the requirement of a certificate or permit from the Railroad Commission to conduct such business of haulage for compensation, it is subject to the requirements of said Act, and, absent a

certificate or permit from the Railroad Commission, a prosecution will lie under said Act for carrying on any of the operations therein described for which a permit or certificate from the Railroad Commission is required.

Under Section 30 of Chapter 14764, Acts 1931, casual or irregular trips by motor vehicle (even for compensation) where the vehicles involved are not engaged in the *business of* for hire carriage, and are permitted by law to operate under a private license (although compensation is received) in so far as the motor vehicle license law is concerned, do not subject the owner or operator of such vehicles to the requirement of permits or certificates as imposed by Chapter 14764, *supra,* for ordinary contract carriers. But said Section 30 of Chapter 14764, Acts 1931, does not excuse violations of the terms of said Chapter 14764, *supra,* merely because the violations are casual and irregular in their occurrence.

The committing magistrate's recital of his findings of fact upon which the petitioner was committed for trial for a violation of Chapter 14764, *supra,* show that while petitioner's movement and haulage of agricultural products is from the point of production of such agricultural and horticultural products to Jacksonville as a point of trans-shipment and is to that extent an exempt operation within the purview of Section 30 of Chapter 14764, Acts 1931, that nevertheless petitioner's return haulage for compensation of fertilizer from Jacksonville to consumer consignees thereof is not within the description of any of the particularly exempt operations defined by Section 30 of Chapter 14764, Acts 1931. Therefore, petitioner is *prima facie* shown to have been violating said Chapter 14764, *supra,* in the particulars charged in his commitment, and should accordingly be remanded to custody to be dealt with according to law.

Prisoner remanded.

WHITFIELD, C. J., and ELLIS, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The petitioner was engaged in transporting for compensation fertilizer, an agricultural supply, direct to the grower, under his private license, on casual or irregular trips. Section 30 of Chapter 14764 exempts such operation from that Act "so long as such motor vehicles may not lawfully be required to operate under for hire license tags." This of course refers one to the Motor Vehicle License Act, Chapter 16085, to see whether this petitioner could lawfully be required to operate under a "for hire" license tag. The proviso in Section 3 of that Act, Chapter 16085, expressly provides that vehicles used in the transporation of "agricultural supplies direct to the growers or consumers of said supplies" shall not be deemed "for hire" vehicles within the terms of this Act." So, the petitioner should be discharged.