STATE, *ex rel* GEORGE KELLEY, v. J. P. RAMSEY, as Sheriff of Alachua County.

181 So. 885.

En Banc.

Opinion Filed June 6, 1938.

*J. Lewis Hall* and *Clyde W. Atkinson,* for Petitioner;

*T. T. Turnbull* and *Wm. P. Simmons,* Jr., for Respondent.

CHAPMAN, J.—On April 11, 1938, the petitioner, George Kelley, represented to this Court that he was unlawfully restrained of his liberty by J. P. Ramsey, as Sheriff of Alachua County, Florida, by virtue of a warrant issued by the Honorable B. D. Hiers, County Judge of Alachua County, Florida. The material allegations of the warrant under which the petitioner was held are, viz.:

"WHEREAS, Fred Hazen has this day made oath before me that on the 8th day of April, A. D. 1938, in the County of Alachua, State of Florida, one George Kelley was owning, controlling, operating, managing, or causing to be operated a motor propelled vehicle in said county not usually operated on or over fixed rails but operated upon the public

highways of said county and the State of Florida, said ve-hicle being one Lincoln Taxi Cab License No. E68-72, and the said George Kelley used said motor vehicle in the busi-ness of transporting passengers for compensation over the public highways in the State of Florida in said County. The said George Kelley has not made any application for Cer-tificate of Public Convenience and Necessity and has not received from the Railroad Commission of the State of Florida a Certificate that the present or future public con-venience and necessity requires or will require such opera-tion.

"Contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The material portions of the sworn petition for a writ of habeas corpus are, viz.:

"Your Petitioner further represents that the warrant under which he is held is predicated upon an affidavit, which in turn is predicated upon Chapter 14764, Laws of Florida, 1931, which Act provides for the regulation and supervision of persons operating motor vehicles used in the business of transporting persons or property for compensation over the public highways of the State by Railroad Commission of the State of Florida.

"Petitioner alleges further that he operates a taxicab for City Taxi Service, a Florida corporation of Tallahassee, Florida, and as such made the trip from Tallahassee to Gainesville to carry college girls to the Easter holiday house parties at the University of Florida, and that said trip was not made on any scheduled run, but was casual in its na-ture, and that he did not follow any prescribed route on said trip.

"Petitioner further represents that inasmuch as he op-erates said taxi under the regulation for hire license for the State of Florida and maintains no regular route or sched-

ule to Gainesville, and inasmuch as the trip to Gainesville was casual in its nature and that said trip was only the second trip that Petitioner has made to Gainesville during the course of the present school term of Florida State College for Women, and inasmuch as said trip was made in response to a demand for such transportation for students of Florida State College for Women, and inasmuch as Petitioner was employed for said trip without solicitation on his part and without any advertisement seeking employment on such trip, and inasmuch as trips of this nature are unusual in the course of Petitioner's business and are made only on demand of the public on special occasions; that Chapter 14764, Laws of Florida, 1931, is not applicable to him, for said Chapter specifically provides for exemptions from its provisions: '* * * transportation companies engaged in taxicab service, or the operation of hotel buses to and from depots and hotels, serving the same town and city * * *.' "

It is shown by the record that the petitioner is held in custody under the said warrant and by no other authority.

The question for consideration by this Court is: Was it the legal duty of the petitioner to obtain from the Railroad Commission of the State of Florida a certificate of Public Convenience and Necessity in order to transport by a motor vehicle over the public highways the college girls from Tallahassee to Gainesville, Florida? Counsel for petitioner contends that the trip was only casual and seasonal and was therefore *exempt* under Section 30 of Chapter 14764, Acts of 1931, from the legal duty of obtaining from the Railroad Commission of Florida a Certificate of Public Convenience and Necessity. Counsel for the respondent contends that petitioner, under Section 30 of Chapter 14764, Acts of 1931, is required to obtain the Certificate of Public

Convenience and Necessity and is *not exempt* therefrom under Section 30, *supra*.

In the case of Riley v. Lawson, 106 Fla. 521, text 536, 143 So. 619, this Court had before it and defined a Certificate of Public Convenience and Necessity and in so doing used the following language:

"*Public convenience and necessity*, as that term is used in the statute with reference to private contract carriers, means nothing more than a finding by the Commission, that taking into consideration the stated statutory factors required to be considered as the basis for granting certificates to private contract carriers, the public convenience and necessity for adequate transportation as a whole in the territory involved, will not be unduly burdened or defeated by an inordinate use of the public highways by private contract carriers as a class, considered in relation to the necessary uses of the highways by other classes of motor vehicle traffic, and the necessity for carrying out and protecting the state and national policy of always maintaining adequate systems for transportation by rail."

The people of Florida have the right to make such laws as are necessary to regulate and protect the use of the public highways of Florida by motor vehicles, operating for hire both as private contract carriers and as common carriers. It cannot be overlooked that the public highways of Florida have been constructed by the people and represent heavy expenditures of money for the initial cost as well as their maintenance and general upkeep. It logically follows that the nature of the business done on the highways by carriers must be controlled or regulated so that the same may be protected for the enjoyment and use of the people of Florida who made their existence possible. Again in the case of Riley v. Lawson, *supra,* text page 527, citing the case of

Southern Motor Ways, Inc., v. Perry, 39 Fed. (2nd) 145, this Court held:

"* * * In that case it was held, and with that rule we agree, that when the public highways are made the place of doing business for compensation, the right to regulate the *use* of the highways by vehicles engaged in such purpose, is primarily to be exercised in the interest of · the safety and convenience of the other users of the highway, and of the passengers on the highway themselves, and for the conservation of the public highways. We are further agreed that the last class of regulation arises independently of the nature of the business done by the vehicles regulated."

In the case of State, *ex rel*. Coats, v. Whitaker, 126 Fla. 543, 171 So. 521, the petitioner was the owner of a truck and trailer and had a license under Chapter 16085, Acts of 1933, to use the same on the highways for "private use" and the vehicle was not equipped with "for hire" license tag. The truck was used to haul described products from Flagler to Jacksonville. The truck on a return trip from Jacksonville to Flagler County for hire undertook to transport fertilizer from Jacksonville, 'where manufactured, to a farmer consumer at Fort Pierce. When arraigned the committing magistrate found that petitioner was hauling on a return load made as a casual and irregular trip, and with no fixed termini or schedule and was doing so without a permit. It was contended by the petitioner that the hauling of the fertilizer *without permit* was an exception to Section 30, Chapter 14764, Acts of 1931, and he was exempt and a certificate of public convenience and necessity was not necessary. The court remanded the petitioner for a ·further proceeding before the magistrate and .in doing so said :

"Where a motor vehicle is being operated in hauling for compensation as defined by Chapter 14764, Acts of 1931,

not devoted 'exclusively' to an operation exempted by Section 30 of said chapter 14764, Acts 1931, from the requirement of a certificate or permit from the Railroad Commission to conduct such business of haulage for compensation, it is subject to the requirements of said Act, and, absent a certificate or permit from the Railroad Commission, a prosecution will lie under said Act for carrying on any of the operations therein described for which a permit or certificate from the Railroad Commission is required. Under Section 30 of Chapter 14764, Acts 1931, casual or irregular trips by motor vehicle (even for compensation) where the vehicles involved are not engaged in the *business of* for hire carriage, and are permitted by law to operate under a private license (although compensation is received) in so far as the motor vehicle license law is concerned, do not subject the owner or operator of such vehicles to the requirement of permits or certificates as imposed by Chapter 14764, *supra,* for ordinary contract carriers. But said Section 30 of Chapter 14764, Acts 1931, does not excuse violations of the terms of said Chapter 14764, *supra,* merely because the violations are casual and irregular in their occurrence.

"The committing magistrate's recital of his findings of fact upon which the petitioner was committed for trial for a violation of Chapter 14764, *supra,* show that while petioner's movement and haulage of agricultural products is from the point of production of such agricultural and horticultural products to Jacksonville as a point of transhipment and is to that extent an exempt operation within the purview of Section 30 of Chapter 14764, Acts 1931, that nevertheless petitioner's return haulage for compensation of fertilizer from Jacksonville to consumer consignees thereof is not within the description of any of the particularly exempt operations defined by Section 30 of Chapter 14764, Acts 1931 * * *"

In the case of Coleman v. Achim, 114 Fla. 89, 153 So. 96, it was shown that petitioner was informed against in Dade County, Florida, for operating a motor vehicle on the highways of Florida by transporting passengers for hire without a certificate of public convenience and necessity. The agreed facts showed when arrested he was transporting four passengers from Miami to North Carolina and had received for the trip $24.00 and was to receive $32.00 more. It was agreed that the State was unable to show that petitioner had previously transported passengers for hire or that in the future he intended to make additional trips. Other facts are recited, but the above are the most pertinent and material. Petitioner was remanded for trial in the lower court and in doing so this Court said:

"It may be said that Chapter 14764 was enacted primarily to authorize State supervision and control of motor vehicles operated for hire on the public highways of the State of Florida and that public welfare was the prime consideration for the enactment of the statute. When the State assumed to supervise and control the operation of motor vehicles for hire on the State highways, it became the duty of the State to cast reasonable provisions for protection around those vehicles and the operators thereof which were required to comply with the law and it also became the duty of the State to enact provisions for the protection of the public in connection with the use by the public of such motor vehicles."

The fact that petitioner had complied with the law by obtaining a license to operate a taxicab business around the City of Tallahassee and environs is not only immaterial, but is no justification or defense to the charge lodged against him in the County Judge's Court of Alachua County, Florida.

The petitioner is remanded to the Sheriff of Alachua County, Florida, for further proceedings according to law.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.