W. B. CAHOON, as Sheriff, *Plaintiff in Error,* v. E. S. SMITH, *Defendant in Error.*

Division B.

Opinion filed May 21, 1930.

1176

*Fred H. Davis,* Attorney General, and *T. T. Turnbull,* for Plaintiff in Error;

*J. E. Mathews,* for Defendant in Error.

WHITFIELD, P. J.—This writ of error was allowed and taken under the statute to a final order discharging the petitioner in *habeas corpus* proceedings. Section 5444, Comp. Gen. Laws 1927; State v. Bethea, 61 Fla. 60, 55 So. R. 550; Hiers v. Mitchell, 95 Fla. 345, 116 So. R. 81.

It appears that E. S. Smith owned and operated two

motor propelled vehicles in the business of transporting property for compensation upon the public highways between fixed termini and over regular routes, all within the State, not a common carrier but as a private carrier under special contract; that he has not made application for or received a certificate of public convenience and necessity, and has not paid to the Comptroller an advance payment upon the mileage tax required by Chapter 13700, Laws of Florida 1929, and that such failure being a misdemeanor under the statute, the said E. S. Smith had been committed to the custody of the sheriff for trial but was discharged on *habeas corpus,* the circuit judge holding Chapter 13700 cannot be constitutionally applied to the facts in the case.

The statute entitled:

"AN ACT Providing for the Supervision and Regulation of Persons, Firms, Corporations and Associations, Owning, Controlling, Operating or Managing Motor Vehicles Used in the Business of Transporting Persons or Property for Compensation Over the Public Highways of the State; Defining Auto Transportation Companies and Providing Supervision and Regulation Thereof by the Railroad Commission of the State of Florida and Providing for the Enforcement of the Provisions of This Act and for the Punishment of Violations Thereof and Imposing a Mileage Tax and Providing for the Disposition of the Revenue Raised by the Same; and Repealing All Acts Inconsistent with the Provisions of This Act."

Provides that:

"The term 'auto transportation company' when used in this Article means every corporation or person, their lessees, trustees or receivers, owning, controlling,

operating or managing any motor-propelled vehicle not usually operated on or over rails, used in the business of transporting persons or property for compensation or as a common carrier over any public highway in this State between fixed termini or over a regular route: Provided, that the term 'auto transportation company' as used in this Article, shall not include corporations or persons engaged exclusively in the transportation of children to or from school, or any transportation company engaged exclusively in the transporting agricultural, horticultural, dairy or other farm products and fresh and salt fish and oysters and shrimp from the point of production to the assembling or shipping point enroute to primary market, or to motor vehicles used exclusively in transporting or delivering dairy products.

"No auto transportation company shall operate any motor vehicle for the transportation of persons or property for compensation on any public highway in this State without first having obtained from the railroad commission a certificate that the present or future public convenience and necessity requires or will require such operation, but no certificate shall be required for operation exclusively within the limits of an incorporated city or town.

"There shall be collected by the Comptroller of the State from every auto transportation company as herein defined to which has been granted a certificate of public convenience and necessity permitting it to engage in the transportation of passengers or freight, or both, a mileage tax of one-half cent per mile on all buses with a capacity of 10 passengers or less and a mileage tax of three-fourths cent per mile on all busses with a capacity of not more than 20 passengers

nor less than 10 passengers, and a mileage tax of one cent per mile on all busses of the capacity of more than 20 passengers; and a mileage tax of one cent per mile on all trucks with a loaded capacity of less than 5,500 lbs., and a tax of two cents per mile on all trucks with a loaded capacity of 5,500 lbs., or more coming within the terms of this Article for every mile traveled by the motor vehicles of such auto transportation company over the public highways of this State. This tax shall be paid quarterly beginning October 1, 1929: Provided, that at the time of issuing said certificate of public convenience and necessity and at the beginning of each calendar quarter thereafter the Comptroller of the State shall collect from each holder of such certificate the sum of seventy-five dollars as an advance payment upon the mileage tax herein levied for the ensuing quarter which said amount shall at the end of the quarter be credited to said holder of such certificate and the difference between the said amount and the correct amount of said tax shall be adjusted by the Comptroller with the said holder of such certificate.''

Sections 1, 2, 13, 14, Chapter 13700, Acts 1929, Secs. 1335 (1), 1335 (2), 1335 (13), 7794 (2), Supplement to Comp. Gen. Laws, 1927.

The title of the Act does not express, and the body of the Act does not embrace, more than one general subject of legislation and matter properly connected therewith, therefore the Act does not violate Sec. 16 of Article III, Constitution. The title of the Act is not misleading. The tax levy is matter properly connected with the subject of the regulation of the business that is expressed in the title and covered by the statute, and the levy need not be con-

fined to expenses of regulation.  Liberty Highway Co. v. Michigan, 294 Fed. R. 703.

The statute applies to corporations and persons who use motor propelled vehicles in the business of transporting persons or property for compensation over public highways in this State between fixed termini or over a regular route, whether such transportation for compensation is as common carriers or as carriers for particular persons under special contract; but the statute does not require private carriers to become common carriers and the provisions of the statute that are legally applicable only to common carriers are not intended to be applied to and are not applicable to corporations or persons who are not common carriers, though engaged in the transportation to which the statute refers; and the provisions of the statute that are legally applicable to private carriers for compensation, are capable of being effectuated, leaving the provisions that are legally applicable only to common carriers to be applied to such common carriers as are covered by the statute.  This does not violate the pertinent principles that are announced in Mich. Pub. Utilities Co. v. Duke, 266 U. S. 570, 45 Sup. Ct. 191, 69 Law Ed. 445, 36 A. L. R. 1105; Frost v. R. R. Comm. of Cal., 271 U. S. 583, 46 Sup. Ct. R. 605, 70 Law Ed. 1101, 47 A. L. R. 457. The requirements as to procuring certificates of convenience and necessity for doing the business on the highways and as to the tax imposed on the business may be reasonable applied to private carriers for compensation for the privilege of transporting for hire as a business on the public roads of the State, in the exercise of the police and taxing power of the State to conserve the proper use of the public highways and to serve proper sovereign purposes.

The "mileage tax" levied by the statute is a license tax imposed upon the intrastate *business* of transportation for

compensation on the public roads of the State; and being a license tax imposed *upon the business* by statute for public purposes, it is not in law or in fact a "toll" collected for vehicular passage over the roads, it not being collected for mere passage over the roads or "exacted when and as the privilege of passage is exercised." Carley & Hamilton v. Snook, — U. S. ——, 50 Sup. Ct. R. 204, 74 Law Ed. ——, February 24, 1930. A mileage tax was sustained in Interstate Busses Corp. v. Blodgett, 19 Fed. (2d) 256, 276 U. S. 245, 48 Sup. Ct. R. 230, 72 Law Ed. 551. The mileage tax is "in lieu of all other taxes and fees * * * except *ad valorem* taxes and registration license taxes" etc., Sec. 14, Chap. 13700. The essential nature of the tax as a license tax on a commercial business is not altered by the circumstance that the license tax is calculated according to road miles that are covered in carrying on the business of intrastate commerce. The tax is laid on the business, not on the mere passage over the highways. Even if the "mileage tax" as here imposed may be regarded as a "toll" under the Federal Highway Act, it is not shown that the petitioner operates only upon highways that have been "constructed or reconstructed" under the Federal Act. The State law is operative upon State highways when not in conflict with applicable dominant Federal authority. See Carley v. Snook, — U. S.—, 50 Sup. Ct. R. 204, 74 Law Ed. —; Bekins Van Lines v. Riley, 280 U. S. 80, 50 Sup. Ct. R. 64, 74 Law Ed. —; Iowa Motor Vehicle Assn. v. Board, 207 Iowa 461, 221 N. W. R. 364; Williams v. Riley, 280 U. S. 78, 50 Sup. Ct. R. 63, 74 Law Ed. ——.

There are excepted from the operation of the statute:

"* * * corporations or persons engaged exclusively in the transportation of children to and from school,

or any transportation company engaged exclusively in transporting agricultural, horticultural, dairy or other farm products and fresh and salt fish and oysters and shrimp from the point of production to the assembling or shipping point enroute to primary market, or to motor vehicles used exclusively in transporting or delivering dairy products."

The exception as to "transporting or delivering dairy products" has reference to transporting dairy products to the primary market from the point of production. Such exceptions have a reasonable basis for just distinctions and do not make the statute operate arbitrarily upon some and not upon others under practically similar conditions. State v. LeFebvre, 174 Minn. 248, 219 N. W. R. 167. The organic provision as to equal protection of the laws forbids *unjust* discriminations, but it does not forbid just and reasonable distinctions and classifications and it does not require absolute and entire equality and uniformity of application in sovereign regulations. The tax provisions do not appear on their face and are not clearly shown to be so unreasonable and arbitrary in amount as to be an abuse of legislative power.

The petitioner has no interest in the statutory disposition of the taxes imposed on his business; and even if the disposition made of such taxes by Sec. 15 of Chap. 13700 be invalid, Sec. 18 of the Act provides for an alternative disposition that is not challenged.

Reversed.

STRUM AND BUFORD, J. J., concur.