STATE *ex rel.* MELTON *v.* JOHN F. NOLAN, TREAS., *et al.*

(*Nashville,* December Term, 1929.)

Opinion filed July 19, 1930.

E. W. Capshaw, for complainant, appellant.

R. E. Maiden, for defendant, appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This bill challenges the constitutionality of Chapter 118, Acts of 1929, entitled "An Act to define and regulate the practice of barbering in the State of Tennessee, and to provide penalties for violation of this Act." The Chancellor sustained a demurrer and complainant appeals.

The assignments of error here do not comply with the rule, being simply that, "the Court erred in the law of the case." This is too general and indefinite. However, since constitutional questions are involved, we have considered the points of attack made in the argument accompanying the assignments, which we understand to be in substance as follows:

1. That it is violative of Article 1, Section 4 of the Constitution of the State of Tennessee in that it provides for a political or religious test as a qualification for office or public trust. We find no such test required by any provision of the Act. This is not the effect of Section 18.

2. That it is violative of Article 1, Section 6 of the Constitution of the State of Tennessee which provides for the right of trial by jury. The provisions of the Act fixing penalties for its violation in no manner violate

this constitutional right. Due legal procedure is contemplated in its enforcement.

3. That it is violative of Article 1, Section 7 of the Constitution of the State of Tennessee in that it provides for unreasonable and illegal searches and seizures. No search or seizure, in a sense protected against by the Constitution, is provided for. Inspection of a place of business during business hours, in the enforcement of reasonable regulations in the exercise of the police power, is not a violation of this constitutional right. *Athens Hosiery Mills* v. *Thompson,* 144 Tenn., 159; 24 R. C. L. ''Search & Seizure,'' Section 6.

4. That it is violative of Article 1, Section 20, of the Constitution of the State of Tennessee in that it is a retrospective law impairing the obligation of contracts. We are unable to see wherein this section is violated. Appellant shows that he is conducting a barbers college under a trust provision in the will of his deceased wife, and his theory seems to be that the regulatory provisions of this Act, passed since this business was established, impair contractual or vested rights which his business had previously acquired. We are unable to agree. No contract or existing right is impaired, in the sense of the constitutional provision invoked, by the enactment under the police power of such regulations as are contained in this Act. *Marr* v. *Bank,* 72 Tenn., 585; *Shield* v. *Land Co.,* 94 Tenn., 148.

5. That it is violative of Article 2, Sections 1 and 2 of the Constitution of the State of Tennessee providing for the departmental division of governmental powers. This objection is not well taken. Statutes conferring on officers, boards or commissions such functions as this Act confers on the Board of Barber Examiners are

common and well recognized as within the legislative power. 12 C. J. 809 and notes; *Samuelson* v. *State,* 116 Tenn., 470, 486, 487; 6 R. C. L. 179; *Williams* v. *Dental Examiners,* 93 Tenn., 619, 628.

6. That it is violative of Article 2, Section 17 of the Constitution of the State of Tennessee in that it embraces more than one subject and that expressed in the caption. The object of this requirement, which is to give notice of the subject of the pending legislation, is sufficiently met by this caption. The various provisions of the Act are germane to the subject expressed in the title, relating thereto, either directly or indirectly. See cases cited in Note 11, p. 220, Shans. Ann. Const.

7. That it is violative of Article 2, Section 8 of the Constitution of the State of Tennessee in that it attempts to create unreasonable and arbitrary distinctions and exemptions in the application and enforcement of its provisions. The complaint under this head appears to be directed chiefly to the exemptions provided for by Section 4, excluding doctors, nurses and ladies beauty parlors. It is urged that there is no basis for exemption of the last named class. A large discretion is vested in the Legislature in determining the question of proper classification. It is not necessary that the reasons for the classification shall appear on the face of the legislation. The persons, barbers and their apprentices, covered by the Act, are a well defined class, not only by common knowledge, but by the terms of Section 2. If such a person practices his calling in a barber shop regularly conducted for that purpose he comes under the Act. A ladies beauty shop is not a barber shop, and it was within the power of the Legislature to exclude one engaged therein, even though incidentally performing some

of the work commonly done by a barber. To justify the courts in declaring legislation invalid under this Section of the Constitution, the classification must affirmatively appear to be arbitrary and unreasonable. *Edmondson* v. *The Board*, 108 Tenn., 565.

8. That it is violative of the Fourth Amendment to the Constitution of the United States in that it provides for unreasonable search and seizure. It is well settled that this amendment is a limitation upon the powers of the Federal Government only. *Smith* v. *Tate*, 143 Tenn., 268.

On the whole case we find no error and the decree is affirmed.