JAMES ESTLE BIRDWELL b/n/f v. HERBERT SMITH.

GEORGE ESTLE BIRDWELL v. HERBERT SMITH.

JOHN HENRY COFFELT b/n/f v. HERBERT SMITH.

AGNES ALEEN COFFELT v. HERBERT SMITH.
—364 S. W. (2d) 944.

Middle Section. October 26, 1962.

Certiorari Denied by Supreme Court February 7, 1963.

128

Geary P. Dillon, Whitwell, for plaintiff.

Raulston, Raulston & Swafford, Jasper, for defendant.

## I

SHRIVER, J. Motions to dismiss the plaintiffs' appeals herein were filed on the ground that the plaintiffs did not perfect their respective appeals in error by filing appeal bonds within the 30 days allowed from the entry of the order overruling the motion for a new trial. However, at the hearing, counsel for defendants below stated that he did not desire to rely on said motion and withdrew same.

The plaintiffs and defendants below have perfected appeals and assigned errors.

These cases were all consolidated for trial below since they all grew out of a single accident which occurred on August 11, 1960.

James Estle Birdwell and John Henry Coffelt were both minors and Birdwell brought suit by his father as next friend who also filed a derivative suit for medical expenses and loss of services.

John Henry Coffelt brought suit by his mother as next friend who also filed a derivative suit for medical expenses and loss of services of her son.

The cases were tried before Judge Chester C. Chattin and a jury, and resulted in judgments in favor of the two minor plaintiffs for $300.00 each and judgments in favor of the defendant in the cases of the father and mother who were suing for expenses and loss of services.

## II

### Assignments of Error

The plaintiffs below, James Estle Birdwell and John

Henry Coffelt, by next friends, assigned errors as follows:

(1) The evidence preponderated against the verdict of the jury; (2) The verdict of the jury and the judgment of the Court is contrary to the law; (3) The verdict of the jury in each of said cases was inconsistent with the verdict in the two companion derivative cases.

The father and mother, who sued for medical expenses and loss of services, assigned errors; (1) That the evidence preponderated against the verdict of the jury; (2) That the verdict of the jury and the judgment of the Court is contrary to law and (3) the verdict of the jury in these two derivative companion cases was inconsistent with the verdict in the cases of their sons.

Defendant below has appealed in error and has assigned errors as follows: (1) There is no evidence to support the verdict, (2) The verdict was contrary to the evidence, (3) The Court erred in failing to direct a verdict for the defendant at the conclusion of the plaintiffs' proof, (4) The Court erred in failing to direct a verdict for the defendant at the conclusion of all the proof.

### III

█ Assignments 1 and 2, of plaintiffs below are not available in this Court, the first being that the evidence preponderates against the verdict of the jury. As has been said in cases too numerous to mention, this Court does not weigh the evidence on issues of fact where there is a jury verdict, the question being whether there is any material evidence to support the verdict. Poole v. First National Bank, 29 Tenn. App. 327, 196 S. W. (2d) 563 and many cases.

■ As to the second assignment that the verdict of the jury and judgment of the Court is contrary to law, there are numerous decisions to the effect that this is an insufficient assignment and will not be considered by this Court. Rules of the Court of Appeals of Tennessee; Yarborough v. Louisville & N. R. R., Co., 11 Tenn. App. 456; State ex rel. v. Nolan, 161 Tenn. 293, 30 S. W. (2d) 601.

■ The third assignment is that the verdict of the jury is inconsistent in each case because the jury found for the minor plaintiffs who were injured but found in favor of defendants where the mother and father had brought suit for loss of services and expenses.

With respect to this assignment in each of the two cases, the record shows that there was no evidence offered on behalf of the plaintiffs as to any services rendered to them or any services lost to them by reason of the injuries to their sons.

Further than this, the evidence seems clear that the medical expenses in each case had been paid by the defendant prior to the trial, hence, it was not error for the jury to find in favor of the defendant in each of these cases involving alleged loss of services and medical expenses.

■ As to the assignments of error on behalf of defendant below. The 1st assignment that there is no evidence to support the verdict is supported by argument and citation to the record so we will consider this assignment. However, assignment No. 2, that the verdict was contrary to the evidence, and Nos. 3 and 4, that the Court erred in failing to direct a verdict at the conclusion of plaintiffs' proof and in failing to direct a verdict at the

conclusion of all the proof, are insufficient under our rules. See authorities cited above.

We think there is some material evidence to support the allegations in the declaration to the effect that the defendant was operating his automobile at the time of the accident in a negligent manner resulting in injuries to these plaintiffs.

The plaintiffs testified that on the occasion of the accident they were riding as passengers in the car of the defendant Smith and were on their way to Chattanooga, Tennessee. Coffelt was riding in the front seat with the driver while Birdwell was riding on the rear seat. They estimated that the defendant was driving at some 40 to 50 miles an hour and said that prior to the accident he did not drive in such manner as to indicate that they were in danger.

The proof shows that on the occasion in question it had been raining and was probably drizzling rain at the time and the road was wet. There were hills and numerous curves and, as they proceeded down a hill, they came up behind two cars going in the same direction, whereupon, the defendant pulled around these cars and, just after he had passed them, he cut back to his side of the road but, at that moment, they went into a curve and began to skid going off the road and injuring them.

From the proof the jury could have found, as it evidently did, that the driver of the car was guilty of negligence and that the plaintiffs were not guilty of contributory negligence, although the jury may have taken into consideration some element of remote contributory negligence, inasmuch as the verdict in each case was for only $300.00.

Under all the facts and circumstances shown by this record we feel that all assignments of error should be overruled and that the verdict and judgment of the Trial Court should be affirmed.

Affirmed.

Humphreys, J., concurs.

Chattin, J., not participating.