E & L Transportation Company et al., Appellants,

*v.*

Buford Ellington, etc., et al., Appellees.

371 S.W. 2d 456.

(*Nashville,* December Term, 1962.)

Opinion filed October 11, 1963.

GEORGE M. CATLETT, Frankfort, Ky., CHARLES H. HUDSON, JR., Nashville, for appellants.

GEORGE F. MCCANLESS, Attorney General, MILTON P. RICE, WALKER T. TIPTON, Assistant Attorneys General, Nashville, GEORGE SHUFF, General Counsel, Tennessee Public Service Commission, Nashville, for appellees.

MR. JUSTICE WHITE delivered the opinion of the Court.

The Tennessee Public Service Commission made certain assessments for ad valorem taxes against the complainants herein. They appealed such assessments to the State Board of Equalization. It is from the final action of this Board, which affirmed said assessments on an apportioned part of the total value of appellants' property deemed to have a situs in Tennessee for ad valorem

tax purposes, that a petition for the writs of certiorari and supersedeas was filed in the Chancery Court.

Said petition averred, in substance, that the petitioners were not liable for the assessments made against them for the biennium 1961-62 made pursuant to T.C.A. sec. 67-901 et seq. They say they are foreign corporations engaged in business as irregular route motor carriers having no tangible property at any fixed location or locations within Tennessee. The only properties which they have in this State at any time are owned or leased trucks operating into and through Tennessee in interstate commerce over irregular routes on a non-schedule basis to the extent that demands for their services require and they are, therefore, exempt from the taxes assessed.

To the petition the appellees filed a demurrer which, upon consideration by the chancellor, was sustained, resulting in the dismissal of said petition. From the action of the chancellor in so doing, this appeal has been perfected and errors assigned.

The first ground of the demurrer states that the petition shows on its face that petitioners are irregular route motor carriers operating into and through Tennessee during the biennium 1961-62, and that they have been issued permits by the Public Service Commission to conduct such operation over the public highways of Tennessee, which facts make them liable for the assessments complained of under T.C.A. sec. 67-901 et seq.

As the second ground of the demurrer, the defendants, appellees here, state:

"Said paragraph 67-901, T.C.A., and following sections of the code are not unconstitutional or void,

having been upheld by the Court of Appeals and Supreme Court of Tennessee as against the contentions that they offend the commerce and due process clauses of the Constitution of the United States. One of the cases so holding, namely *Howard Sober, Inc. v. Clement,* et al involved one of the petitioners herein, Davidson Chancery No. 79400.''

The relief sought in the petition and contended for here is, in substance, the same relief as was sought and denied to the petitioner Sober in the case just referred to in the second ground of the demurrer.

The only difference appearing to us between the former case and the case at bar is the charge that the assessments so made amount to ''double taxation of appellants' properties,'' which will be discussed herein.

The *Howard Sober, Inc. v. Frank G. Clement, etc., et al.,* case, decided by the Court of Appeals, Middle Division on July 29, 1960, rejected the charge that the statute under which the assessments made therein and herein was unconstitutional and void. The court, in that case, said that the statute was drafted and passed for the express purpose of furnishing statutory authority for the assessment of ad valorem taxes upon the property of irregular route haulers which were in Tennessee under such circumstances as to warrant taxation.

The attack on the constitutionality in that case was that the Act taxed interstate commerce and, further, that the taxed property had no situs in Tennessee.

■ It is well recognized that a state may tax for ad valorem without offending the commerce clause of the Federal Constitution, and this statement needs no citation of authority.

■ The following cases support the rule that a state may tax property which is regularly within the state, even though the particular property in question may be in the state only at irregular intervals. *Nashville, Chattanooga & St. Louis Railway v. Browning,* 176 Tenn. 245, 140 S.W.2d 781; *Braniff Airways, Inc. v. Nebraska State Board,* 347 U.S. 590, 74 S.Ct. 757, 98 L.Ed. 967.

The Court of Appeals cited the foregoing cases with approval in the Howard Sober, Inc. case, supra.

On July 28, 1961 the Court of Appeals, Middle Division, in the case of *Jack Cole Company v. Buford Ellington, etc., et al.,* reaffirmed the holding in the Sober case and held "the constitutionality of the Act. in question was settled by said decision" (Howard Sober, Inc., supra).

In the Cole case the court held:

"Since the tax in question is an ad valorem tax measured by the value of property and is, in no sense a privilege tax on petitioner's right to conduct an interstate business, we think it is not proscribed by the commerce clause of the Constitution, nor does such taxation violate the due process clauses of the Federal and State Constitutions."

■ Therefore, we believe that these two unreported opinions, petitions for certiorari being denied in each, have settled and put to rest the constitutionality of the Act in question and the right of the State to make such ad valorem assessments.

■ This Court has held many times that double taxation within itself is not proscribed by the Constitution of our State where it is plain that the Legislature intended such result. Article 2, Section 28 of the Constitu-

tion of Tennessee provides the source for ad valorem taxation and this section requires that all property "shall be taxed according to its value, that value to be ascertained in such manner as the Legislature shall direct, so that taxes shall be equal and uniform throughout the State."

In 84 C.J.S. on the general subject of Taxation under sec. 39, at pages 131-132, it is stated.

"Double taxation in the objectionable or prohibited sense consists in taxing twice, for the same purpose in the same period, some of the property in the territory in which the tax is laid without taxing all of it, and while this has been called duplicate taxation, the terms 'double' and 'duplicate' have sometimes been used to designate respectively that which is objectionable or prohibited and that which is not.

"In order to constitute double taxation in the objectionable or prohibited sense the same property must be taxed twice when it should be taxed but once; both taxes must be imposed on the same property or subject matter, for the same purpose, by the same state, government, or taxing authority, within the same jurisdiction or taxing district, *during the same taxing period,* and they must be the same kind or character of tax." (Emphasis supplied.)

■ The taxes here complained of were imposed by law at the outset of the 1961-62 biennium, with the assessments thereof to be effective during said biennium only. The reference to the last year preceding said biennium is solely for the purpose of establishing a standard or a gauge whereby the valuation of appellants' properties

could be determined. Nothing which happens in the last year of a given biennium can operate to affect a valuation for tax purposes already established. It only operates to establish a measure for evaluating properties for tax purposes in the ensuing biennium.

It is by confusing the incidence of the tax with the measure thereof, and the means of arriving at that measure, that appellants have reached the erroneous conclusion that double taxation is wrought by the statute. This is apparent in their averment that the same equipment and the same mileages are taxed twice. Such is, of course, not the case. The taxes are imposed at the outset of every biennium upon a carrier's total properties, apportioned to Tennessee according to mileage experience of the year next preceding the outset of the tax period. Taxes, however, are paid only once for any given period.

Therefore, we conclude that:

(1) appellants are irregular route motor carriers operating into or through Tennessee in interstate commerce;

(2) such portion of their properties as is represented by the ratio of their Tennessee mileage to their total mileage has a Tennessee situs and is to be assessed for ad valorem tax purposes by the Tennessee Public Service Commission under T.C.A. sec. 67-901 et seq.;

(3) said statute is a valid and constitutional enactment, and has been so held without exception by the appellate courts of this State; and

(4) the assessment of appellants' properties under said statute does not amount to double taxation for any reason.

678

The result is that the action of the chancellor in this case is in all respects affirmed at the cost of the appellants.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.