ALBERT WILLIAMS, Commissioner of Insurance and
Banking for the State of Tennessee,
Plaintiff in Error,

*v.*

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,
Defendant in Error.

427 S.W.2d 845.

(*Nashville,* December Term, 1967.)

Opinion filed May 3, 1968.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for plaintiff in error.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for defendant in error; TYREE B. HARRIS, Nashville, of counsel.

MR. JUSTICE DYER delivered the opinion of the Court.

This suit was brought by Massachusetts Mutual Life Insurance Company against the Commissioner of Insurance and Banking for the State of Tennessee to recover certain taxes paid under protest. The decision here requires construction of certain statutes in light of admitted facts.

Massachusetts Mutual Life Insurance Company is a mutual company incorporated in Massachusetts, domesticated and doing business in Tennessee. The company in writing life insurance policies determines the annual premium to be paid and such is stated in the policy. During the life of a policy there accumulates to the credit of the policy certain cash amounts known as dividends. The use of the word dividend to describe such credits has long been in use in the insurance industry, but as noted by Mr. Chief Justice Green in *New England Mutual Life Insurance Co. v. Reece,* 169 Tenn. 84, 83 S.W.2d 238 (1935), such can be misleading. The use of the word dividend and the reason such credits accumulate is set out in some detail by Mr. Chief Justice Green in the New England case, and we do not deem it necessary to repeat same here. As to the use of these dividends, the policy contains certain options for the insured to select, such as (1) pay to the insured in cash; (2) applied to reduce the amount of insurance premium; (3) use to purchase additional paid-up life insurance; or (4) held by the company to accumulate subject to withdrawal by the insured upon demand.

The first issue in this case arises as a result of insured's selecting to have dividends credited to their policies be used to purchase additional paid-up life insurance. The issue is whether dividends so used are taxable under our statute.

Since 1895 Tennessee has had a statute levying a tax upon the gross premium receipts of policies issued by insurance companies such as Massachusetts Mutual Life Insurance Company. This statute is now carried as T.C.A. 56-408, and the pertinent part is as follows:

Foreign life insurance companies shall pay two per cent (2%) on gross premium receipts from citizens of and residents of this state, * * *.

In *New England Mutual Life Insurance Co. v. Reece,* supra, the question was whether a dividend used to reduce the stated premium on the face of the policy was to be included as a part of the gross premium receipts in determining the amount of the tax due. This Court held the dividend so used was not to be included in the gross premium receipts for tax purposes.

This decision was announced by this Court on June 10, 1935. In 1939, by Chapter 21 of the Public Acts of 1939, the Legislature enacted a statute defining gross premium receipts subject to the tax. This statute now carried as T.C.A. 56-412, is as follows:

The words "gross premiums" are defined to mean as follows: Maximum gross premiums as provided in the policy contracts, new and renewal, including policy or membership fees, whether paid in part or in whole by cash, automatic premium loans, dividends applied in any manner whatsoever, and without deduction or exclusion of dividends in any manner.

We think an example would help to clarify the issue. A life insurance company issues to the insured Policy A, in the face amount of $10,000.00, with an annual premium due each year during the life of the policy in the amount of $500.00. Upon the due date of the second annual premium there is to the credit of Policy A, as a dividend, the sum of $50.00. If the insured elects, he can pay the insurance company the sum of $450.00 and have the $50.00 dividend account for the balance due on the second annual premium of $500.00. Under this option, as a result

of the enactment of T.C.A. 56-412, this $50.00 dividend would be taxable, not because it was at the option of the insured used in this manner, but because it had become a part of the gross premium receipts. If the insured pays this second annual premium of $500.00 in full and selects the option to have the $50.00 dividend purchase additional paid-up insurance, then, as we understand from the record, the effect of such is to raise the face value of Policy A from its stated amount of $10,000.00 to whatever figure above this the dividend will purchase. This last mentioned situation is the one here at issue and the State insists the gross premium subject to the tax would be $550.00.

The State insists the language of T.C.A. 56-412 "dividends applied in any manner whatsoever" should be construed to include as a part of the maximum gross premium dividends used to purchase additional paid-up insurance. We would agree this language taken by itself is broad enough to sustain such construction, but this language is one phrase of a statute composed of one sentence, and such will have to be construed in light of the rest of the statute.

The purpose of T.C.A. 56-412 is to define "gross premiums," in order to determine the amount upon which the tax levied by T.C.A. 56-408 is applied. In doing this, T.C.A. 56-412 first states gross premiums is the maximum amounts shown in the policy regardless of whether such is shown as a premium or as a membership fee. After so defining gross premiums the statute, in effect, states this amount shall not be reduced no matter in what manner it is paid. We construe the language "dividends applied in any manner" to mean dividends

applied to the payment of the maximum gross premium as determined in the first part of this statute.

There is some difficulty in the language of this statute. The last phrase of this statute "without deduction or exclusion of dividends in any manner" in effect accomplishes the same results as the phrase immediately preceding it—"dividends applied in any manner whatsoever." We do not want to speculate why the draftsman of this statute chose, in effect, to be doubly sure dividends were not used to reduce the gross premiums subject to the tax. It is argued here after the decision of the *New England Mutual Life Insurance Co. v. Reece,* supra, this statute was enacted to change the rule as announced in this decision; that is, to make the full amount of the gross premium stated in the policy taxable even though part or all of it be paid by the option to use dividends in such manner. The argument is that this purpose might account for the somewhat unusual language in the last two phrases of this statute. This argument could be correct, but whether correct or not, the language of the statute makes it abundantly clear the rule in the *New England* case is changed by the statute.

■ These dividends at least to a great extent accumulate when it has been determined the stated premium in the policy is in excess of the amount required to underwrite the face value of the policy. These premiums are taxable in the full amount even though a part thereof may later become dividends. Then when dividends are held to be taxable, either used as payment of part or all of the premium due, or to purchase additional paid-up insurance, the result is to tax the same funds twice. The Legislature may enact statutes which, in effect, amount to double taxation, but in order to do so it is necessary

there be express words, plainly indicating such an intention and there is a presumption against such. *Commercial Standard Insurance Co. v. Hixson*, 175 Tenn. 239, 133 S.W.2d 493 (1938); *State ex rel. Stewart v. Louisville & N. R. Co., et al.*, 139 Tenn. 406, 201 S.W. 738 (1917). In this statute there are express words plainly indicating dividends are taxable when used to reduce the stated premium, but on the use of dividends to purchase additional paid-up insurance, the language is at least ambiguous.

▇ It results, and we so hold, dividends from mutual life insurance policies used to purchase additional paid-up insurance under the terms of the policy are not subject to the gross premiums tax under T.C.A. 56-408.

▇ The construction we have placed on this statute is the same construction applied for a long period of time by the Department of Insurance and Banking. Such construction long accepted by an executive department of the State will usually be accepted by the courts unless the administrative construction is a palpably wrong construction of an unambiguous statute. See *Gallagher v. Butler*, 214 Tenn. 129, 378 S.W.2d 161 (1964), and cases therein cited. This rule also strongly supports the conclusion we have reached.

▇ The second issue here involves a policy of insurance written by Massachusetts Mutual to provide life insurance, medical and disability benefits to its employees. There is a stated premium in the policy for the employees to pay and a stated amount for the company to pay. The trial judge held that the part contributed by the employees was taxable as a part of the gross premium receipts under T.C.A. 56-408, and from this holding there

is no appeal. The trial judge also held that the part paid by the company was not taxable as a part of the gross premium receipts under T.C.A. 56-408, and such presents the second issue here. On this issue the Court in *State Tax Commission v. John Hancock Mutual Life Ins. Co.*, 341 Mass. 555, 170 N.E.2d 711 (1960), reasoned as follows:

> 6 GAC (the policy of insurance involved therein), however, is not a product of the company's solicitation of the purchase of insurance policies by the general public. Instead, it is one aspect of the company's employer-employee relations, a method by which it assumes an expense to facilitate its business and compensates its employees for services in its usual insurance operations. This is indicated by the circumstance that the company pays such a large part of the cost and that the employees' contributions vary in relation to the character of employment and salary of the covered employees, respectively. The net values created by the company's contribution do not represent directly premiums paid by the company's customers for their coverage. 170 N.E.2d at 716.

We think the language above cited is applicable to our statute on the point here at issue.

The judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.