Guy W. BLACKWELL, Appellee-Plaintiff,

v.

Charles MILLER et al., Appellants-Defendants.

Supreme Court of Tennessee.

April 2, 1973.

Bernard H. Cantor, Cantor & Kiener, Johnson City, for appellee-plaintiff.

Thomas E. Mitchell, Johnson City, for appellant Miller.

Robert M. May, Jonesboro, for Washington County.

## OPINION

DYER, Chief Justice.

This case presents the issue of whether a private act is invalid as being in conflict with the general law on the same subject. The trial judge found the private act invalid resulting in this appeal.

By Chapter 288, Private Acts of 1941, applicable only to Washington County by population classification, the term of the Office of Tax Assessor was fixed to begin on January 1, 1941, and on the first of January thereafter, the same to be elected in the general August election preceding.

The general law on the subject is found in T.C.A. § 67–301, as follows:

Except as hereinafter provided, county assessors of property shall be elected by the people on the first Thursday in August, 1968, and thereafter every four (4) years, except in counties where by a vote of the people it has been determined to have an appointed assessor. . . . .

Also, T.C.A. § 67–303 dealing with vacancies occurring in the office refers to the date of the beginning and ending of the term of office of Tax Assessor. This statute reads as follows:

In case of vacancies, the county court at its first session after the vacancy occurs shall elect an assessor, who shall hold office until the first of September following the next regular August election. The assessor shall be elected by the qualified voters at the first regular August election coming after the vacancy, and he shall hold from the first day of the following September to the close of the term for which his predecessor was elected; provided, that if the vacancy occur between the October and April

terms of the county court, the county judge or chairman shall appoint.

It is obvious the private act here in question as to the beginning and ending term of the Tax Assessor for Washington County is in conflict with the general state law and for this private act to operate it has to suspend the operation of the general law.

It is not necessary to determine if this private act affects Washington County in the exercise of its governmental functions as opposed to a private act primarily affecting the individual citizens of the county in their private relations, since even if it be determined the act affects Washington County in the exercise of its governmental function, which would be most favorable to its validity, the Act is still invalid.

This case is controlled by our recent case of Brentwood Liquors Corporation of Williamson County, Tennessee v. C. W. Fox, County Court Clerk of Williamson County, Tennessee, Williamson Equity, released for publication on March 5, 1973, we held Article 11, Section 8 of the Contitution of Tennessee is applicable to private acts affecting a county in the exercise of its governmental functions and where such legislation operates to suspend the general law on the same subject, the validity of such legislation is determined upon the issue of whether there is a reasonable basis for the discrimination.

The private act here in question recites no reasonable basis, nor can we conceive of any reasonable basis why the term of the Tax Assessor should be different from the term of this office required by general law in all of the other counties of the State.

The judgment is affirmed.

CHATTIN, HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.