ART PANCAKE'S UNITED RENT–ALL, Plaintiff-Appellee,

v.

Glenn FERGUSON, Trustee for the Metropolitan Government of Nashville and Davidson County, Tennessee, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

Oct. 26, 1979.

Certiorari Denied by Supreme Court Jan. 28, 1980.

John H. Roe, Jr., Trabue, Sturdivant & DeWitt, Nashville, for plaintiff-appellee.

John P. Long, Dept. of Law, Nashville, for defendant-appellant.

## OPINION

SHRIVER, Presiding Judge.

This is a suit to recover personal property ad valorem tax for the year 1977, which tax was paid under protest.

Both parties filed motions for summary judgment asserting that there was no material issue of fact to be decided, with the result that the Chancellor granted plaintiff's motion for summary judgment and granted the relief sought by plaintiff, to-wit, a judgment against the defendant in the amount of $915.76, together with interest thereon at the rate of six percent per annum from February 28th, 1978, said sum to be paid plaintiff in accordance with the provisions of T.C.A. § 67–2313. The costs of the action were assessed against the defendant.

The original complaint asserts, inter alia, that plaintiff is a partnership with its principal office in Davidson County, Tennessee, and that the defendant Trustee is charged by law with the collection of taxes, including the tax on tangible personal property authorized by T.C.A. § 67–616 and due the Metropolitan Government of Nashville and Davidson County; that on February 28th, 1978, plaintiff paid the sum of $945.76 to the defendant as the assessed personalty tax for the year 1977, $30.00 of which was attributable to plaintiff's furniture, fixtures, and vehicles and the balance of $915.76 being attributable to an assessment of plaintiff's rental inventory used for the production of income in plaintiff's business; that said payment was made under protest in accordance with T.C.A. §§ 67–2303 and 67–2313, and it was received and acknowledged as paid under protest by the defendant.

Plaintiff further avers that it is subject to the Business Tax Act as provided in T.C.A. § 67–5801, et seq. for the privilege of engaging in the business of renting the inventory as to which plaintiff has paid the above described personalty tax under protest. Plaintiff has paid the said Business Tax due for the year 1977 with respect to its business locations in Metropolitan Nashville and Davidson County, Tennessee.

It is further alleged that T.C.A. § 67–5801 provides that the Business Tax "shall be in lieu of any and all ad valorem taxes on the inventories of merchandise held for sale or exchange by persons taxable under this Chapter, from and after January 1, 1973; that T.C.A. § 67–5804 defines the term "sale" to include "lease or rental . . . of tangible personal property for a consideration . . ."; that T.C.A. § 67–616 expressly excludes from the property assessable and taxable under the Personalty Tax "inventories of merchandise held by merchants and businesses for sale and exchange by persons taxable under Section 67–5801, et seq."

Said complaint refers to the case of *Morris Rent-All, Inc. v. Ferguson*, No. 77–128–11, Part II of the Chancery Court for Davidson County, Tennessee, wherein in a

Memorandum Opinion and Decree dated October 17th, 1977, a copy of which is attached to the complaint, it was held that rental inventory held by a person taxable under the Business Tax Act is exempt from the Personalty Tax, and the defendant did not appeal this decision.

It is asserted that plaintiff's rental inventory is exempt from tax under T.C.A. § 67–616, and, therefore, the imposition and collection of the Personalty Tax thereon is invalid and illegal.

The complaint prays for a judgment for the return of the tax thus paid under protest.

The defendant's Answer simply takes issue with the legal conclusions set forth in the original complaint and asks the Court to dismiss the complaint with costs.

As hereinabove indicated, plaintiff filed its Motion for Summary Judgment supported by an affidavit in support of the motion, said affidavit being made and signed by James A. Pancake, partner in the plaintiff firm.

Thereafter, defendant filed its Motion for Summary Judgment based on the pleadings, exhibits and briefs filed in the case, there being no genuine issue as to any material fact.

In response to said Motions for Summary Judgment, Chancellor Ben H. Cantrell filed a Memorandum Opinion holding that the taxpayer was entitled to recover the tax paid under protest.

The Final Decree following said Memorandum rendered judgment for plaintiff for recovery of $915.76, the amount paid under protest, together with costs.

### Assignments of Error

Defendant-appellant filed two assignments of error as follows:

I. The Honorable Trial Court erred in holding that tangible personal property owned by taxpayers subject to the Business Tax Act, T.C.A., § 67–5801, et seq., and held for lease or rental to consumers was, by virtue of T.C.A. § 67–616, exempt from ad valorem taxation.

II. The Honorable Trial Court erred in holding that taxation for business transactions subject to the Business Tax Act and concurrent taxation of tangible personal property under the Ad Valorem Tax Statutes results in 'double taxation.' "

In appellant's brief of the law it is asserted that where the issue under consideration is whether a particular taxpayer is exempt from the burden of taxation, exemption provisions are most strongly construed against the person claiming the exemption and well founded doubt is fatal to the claim, citing numerous cases, among which is the recent case of *Crown Enterprises v. Woods*, a 1977 Supreme Court decision reported in 557 S.W.2d at 491.

Appellant also asserts that consistent administrative interpretations of a statute by the executive charged with its enforcement are entitled to great weight, citing *Range v. Tenn. Burley Tobacco Growers Association*, 41 Tenn.App. 667, 298 S.W.2d 545 (1951).

Appellant also asserts that administrative interpretations of taxation statutes made pursuant to opinions from the State Attorney General are entitled to great weight in statutory interpretation, citing *Murfreesboro Bank and Trust Co. v. Evans*, 193 Tenn. 34, 241 S.W.2d 862 (1951).

Appellant takes issue with appellee's statement and position that subjecting inventories of personal property to both the personalty tax (T.C.A. §§ 67–601, et seq.) and the Business Tax (T.C.A. §§ 67–5801, et seq.) constitutes double taxation in a situation in which the taxpayer's business consists of the rental of such property.

It is the position of appellant that double taxation occurs only when the same property is taxed twice when it should have been taxed only once. Both taxes must be levied on the same property or subject matter for the same purpose by the same governmental entity within the same jurisdiction dur-

ing the same taxing period and they must be the same kind or character of tax, citing *E & L Transport Co., et al v. Ellington*, 212 Tenn. 671, 371 S.W.2d 456 (1963).

Appellant calls attention to the fact that in *Crown Enterprises v. Woods*, supra, which is a case involving corporate franchise taxes, the Court, citing with approval Hellerstein on State and Local Taxation, to the effect that "exemption provisions are most strictly construed against the person claiming the exemption,

Appellant also cites and quotes from *Woods v. General Oils, Inc.,* 558 S.W.2d 433, a 1977 Tennessee Supreme Court case in which Mr. Justice Brock wrote the Opinion, and wherein it was stated by the Court as follows:

".   .   .   We must keep in mind that in a suit against the state by a taxpayer claiming an exemption from taxation the burden is on the taxpayer to establish his exemption; every presumption is against it and a well-founded doubt is fatal to the claim. *Hamilton Natl. Bank v. McCanless*, 176 Tenn. 570, 144 S.W.2d 768 (1940); *Farrington v. State of Tenn.*, 95 U.S. 679, 24 L.Ed. 558 (1878)."

Appellant argues that in the case at bar there exists a "well founded doubt" that is fatal to the exemption claim.

In response the plaintiff-appellee asserts that in assessing the instant taxpayer's property under the personalty tax, T.C.A. §§ 67–601, et seq., while the taxpayer is subject to the Business Tax Act, T.C.A. §§ 67–5801, et seq., the Metropolitan Government has ignored the express will of the Legislature. It is asserted that while the taxpayer concedes that the decisions cited by appellant establish that "a well founded doubt" as to the existence of a tax exemption is fatal to a claim thereof, the government apparently overlooks what the Court in the *Crown Enterprises* case saw as the paramount principle of statutory construction, wherein the Court stated as follows:

"The most fundamental rule of statutory construction   .   .   .   and the rule applied by the Court is to ascertain and give effect to the intention or purpose of the Legislature as expressed in the statute   .   .   .   Such intent must, of course, be derived from the reading of the statute in its entirety and within its statutory context.   557 S.W.2d at 493. See also *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn.1977)."

Chapter 58 of the Tennessee Code Annotated, entitled "Business Tax," as included in Section 67–5801, et seq., provides in 67–5804, "definitions" as follows:

"(b) 'Sale' means any transfer of title or possession, or both, exchange, barter, *lease or rental*, conditional, or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration.   .   .

.   .   .   .   .   .   .   .

(g) " 'Lease or rental' means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or renter for a consideration, without transfer of the title of such property." [Emphasis supplied]

It is argued by counsel for plaintiff-appellee that there is no doubt that the Legislature intended that inventories held for rental, such as those of the taxpayer herein, be subject to the Business Tax Act but not the personalty tax. For example, in T.C.A., Section 67–5801, the Legislature provided as follows:

".   .   .   It is the legislative intent that the taxes imposed by the Business Tax Act shall be in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange by persons taxable under this chapter."

Thus, the Act is made applicable to the taxpayer's rental inventory through T.C.A., Section 67–5804(b) wherein "sale" is defined as above set out.

It is further emphasized that the words "in lieu of any and all ad valorem taxes"

show an indisputable purpose on the part of the Legislature to exclude the levying of any other ad valorem tax upon rental inventories such as those possessed by the instant taxpayer. It is pointed out that the words "in lieu thereof" were construed by our Supreme Court in *City of Memphis v. American Express Co.*, 102 Tenn. 336, 52 S.W. 172 (1899), wherein the Court held that the phrase "in lieu of all other" privilege taxes showed an unrefutable legislative intent to exclude the right of any county or municipality to levy a privilege tax.

It is further plausibly insisted by counsel for plaintiff-appellee that the *pari materia* construction of the applicable statutes renders irrelevant the government's claimed distinctions in the provisions thereof.

■ It is pointed out that a number of our reported decisions support the proposition that tax statutes should be interpreted *in pari materia*, and it is argued that this principle of construction would require the definitions in the Business Tax Act to control the meaning of the words used in the Personalty Tax Statutes, both because of the cross-references and the timing of their respective adoption by the Legislature.

■ We agree with the statement of counsel that Tennessee Courts have repeatedly stated that consistent interpretations of related statutes are required in accordance with the *in pari materia* principle of statutory construction. Applying these principles to the facts in the case at bar, it seems clear that T.C.A. §§ 67–616 and 67–5801 must be construed *in pari materia*, particularly since there is direct reference in one statute to the other.

The Chancellor's Decision

In rendering his decision in this case, Chancellor Cantrell filed the following Memorandum:

"MEMORANDUM

This cause is before the Court on motions for summary judgment filed by the taxpayer and the Trustee. The Court is of the opinion that there is no dispute of any material fact and this is a proper case for summary judgment.

It appears to the Court that the identical question involved in this case was decided in favor of the taxpayer in Part II of this Court in the case of *Morris Rent-All, Inc. v. Glenn Ferguson, Trustee, et al.*, No. 77–128–11 (Opinion filed October 17, 1977). The Court adopts the reasoning of the Chancellor in that case and is of the opinion that the taxpayer is entitled to summary judgment for the amount of tax paid under protest.

Mr. Roe will prepare the order. Tax the costs to the defendants.

January 29, 1979.

/s/ Ben H. Cantrell
CHANCELLOR

It is thus seen that Chancellor Cantrell adopted the prior decision of Chancellor C. Allen High in the case of *Morris Rent-All, Inc. v. Glenn Ferguson, Trustee*, wherein the same question presented in the case at bar was decided favorably to the taxpayer.

We concur in the decision of the Chancellor. It results that the assignments of error are overruled and the judgment of the Chancellor is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.

Note: Abridged by eliding the Opinion of Chancellor C. Allen High which was quoted in full in the original Opinion.