DIXIE RENTS, INC., Plaintiff-Appellee,

v.

CITY OF MEMPHIS, Glenn E. Foster, Treasurer of the City of Memphis, County of Shelby, and Riley C. Garner, Shelby County Trustee, Defendants-Appellants.

JOHN T. FISHER LEASING COMPANY, INC., John T. Fisher Motor Company-Leasing Division, Plaintiffs-Appellees,

v.

CITY OF MEMPHIS, Glenn E. Foster, Treasurer of the City of Memphis, County of Shelby, and Riley C. Garner, Shelby County Trustee, Defendants-Appellants.

Court of Appeals of Tennessee,
Western Section.

Nov. 29, 1979.

Certiorari Denied by Supreme Court
Jan. 28, 1980.

George E. Morrow, Memphis, for plaintiff-appellee Dixie Rents, Inc.

Donald A. Malmo and Charles T. Tuggle, Jr., Memphis, for plaintiffs-appellees John T. Fisher Leasing Company, Inc. and John T. Fisher Motor Company-Leasing Division.

William C. Bateman, Jr., Asst. City Atty., Memphis, for defendants-appellants City of Memphis, Glenn E. Foster, Treasurer of the City of Memphis.

J. Minor Tait, Jr., Asst. County Atty. and Mary Margaret Weddington, Memphis, for defendant-appellant County of Shelby.

Carl N. Stokes, Asst. County Atty., Memphis, for defendant-appellant Riley C. Garner, Shelby County Trustee.

NEARN, Judge.

The plaintiffs are in the business of leasing chattels. Plaintiffs are all taxed under the Business Tax Act, T.C.A. § 67–5801 et seq. For the years 1973, 1974, 1975 and 1976 plaintiffs were also assessed taxes by the City of Memphis and the County of Shelby for personal property taxes pursuant

to T.C.A. § 67–601 et seq. (Property Tax Act). The plaintiffs paid the taxes assessed under Chapter 6 of the Property Tax Act under protest and later filed their complaint in the Chancery Court of Shelby County seeking a refund of the taxes so paid.[1]

On motion for summary judgment the Chancellor held that the plaintiffs were entitled to the refund on the ground that as a matter of law the plaintiffs could only be taxed under the Business Tax Act. The defendant taxing authorities have appealed to this Court.

The only issue is whether the plaintiffs are subject to taxation under both the Business Tax Act and the Property Tax Act.

It should first be recognized that taxes levied under the Business Tax Act (§ 67–5801 et seq.) are a gross receipts tax. Taxes assessed under Chapter 6 of the Property Tax Act are an ad valorem tax, that is to say, a tax based on the value of the article taxed.

Tennessee Code Annotated § 67–5801 (Business Tax Act) provides that "It is the legislative intent that the taxes [based on gross receipts] imposed by this chapter shall be in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange by persons taxable under this chapter, . . ."

In short, T.C.A. § 67–601 et seq. (Property Tax Act) provides for the payment of ad valorem taxes by the lessor or true owner of leased property such as is leased to the general public by the plaintiffs herein. Section 616 of the Act excepts from taxation thereunder "inventories of merchandise held by merchants and businesses for sale and exchange by persons taxable under § 67–5801 et seq. . . . ."

■ It is the position of the taxing authorities that taxation of the plaintiffs under the Property Tax Act is permissible because the Business Tax Act is only in lieu

of ad valorem taxes on inventories held for *sale or exchange* and that plaintiffs' property is held for lease to the general public and not for sale or exchange.

We believe that position to be untenable. The Business Tax Act itself defines the meaning of the term "sale" as used in the Chapter. Subsection (b) of § 67–5804 provides that when used in the Chapter the term " 'Sale' means any . . . lease or rental . . . of tangible personal property for a consideration . . . ." Therefore T.C.A. § 67–5801 must be read so that taxes imposed under the Business Tax Act "shall be in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange *or for lease or rental.*"

■ Counsel for appellants argues that even if that interpretation is proper in Chapter 58 of the Code (the Business Tax Act) such interpretation of the word "sale" is not to be used in Chapter 6 (Property Tax Act) because it is not so defined therein. This argument appears specious to us because Chapter 6 (Property Tax Act) specifically exempts inventories held "for sale and exchange by persons taxable *under § 67–5801 et seq.*" T.C.A. § 67–616. We certainly must assume the Legislature knew the class of persons whose inventories were taxable under § 67–5801 et seq. because the Legislature created that class and included therein those persons who rented or leased personalty as being subject to the gross receipts tax. Certainly the sections must be read in pari materia as they are written pari materia. See *State ex rel. Stewart v. Louisville & N. R. Co.* (1917) 139 Tenn. 406, 412, 201 S.W. 738.

Counsel for appellants argues that if we interpret the word "sale" as used in T.C.A. § 67–5801 of the Business Tax Act and § 67–616 of the Property Tax Act to also include the concept of leases or rentals, the Business Tax Act will be rendered unconstitutional as such interpretation will create a

---

1. Each of the plaintiffs did not pay taxes assessed under T.C.A. § 67–601 et seq. for each of the years mentioned to each of the defendants, but the years mentioned are all of the years here involved and for the purposes of this Opinion the subject will be treated as if all plaintiffs had paid in identical manner for identical years.

special ad valorem tax exemption broader than that allowed by Article II, Section 28 of the Constitution of this State.

In material part Article II, Section 28 of the Constitution provides:

"In accordance with the following provisions, all property real, personal or mixed shall be subject to taxation . . . ..

\*　　\*　　\*　　\*　　\*　　\*

"The Legislature shall have power to tax merchants, peddlers, and privileges, in such manner as they may from time to time direct, and the Legislature may levy a gross receipts tax on merchants and businesses in lieu of ad valorem taxes on the inventories of merchandise held by such merchants and businesses for sale or exchange."

It is insisted that the word "sale" as used in the Constitution cannot include leases or rentals and must be given a strict or narrow interpretation thereby excluding leases or rentals. We believe that it not only can, but does include leases or rentals and was so intended when the present constitutional provision was adopted by the people to be effective in 1973.

Actually, when one reaches the essence of the concept of a lease or rental agreement it is nothing more than the *sale* of the right to use a thing for an agreed upon period. However, be that as it may, it is our opinion that one of the purposes of the Constitutional Amendment of 1973 was to prevent repressive taxation whereby unsold inventories of merchants, who most likely had to borrow funds at substantial interest rates to obtain those inventories, would be taxed on an ad valorem basis while such inventories remained unsold in these merchants' hands and also taxed again by a gross receipts tax when sold. Such a policy would inhibit merchants from carrying sizeable inventories since merchants would be taxed on the inventories' values every year that they were unsold and in the merchants' possession and then taxed again by a gross receipts tax when they were sold.

The words used in a Constitution ought not to be interpreted or construed as if they were locked in some antiseptic vacuum. These words ought to be viewed in the light of the circumstances existing at the time in which they were employed and to be given the meaning extant at that time. To do otherwise is to credit the drafters of the instrument with the omniscience of the divine.

Prior to the 1971 Limited Constitutional Convention to amend Article II, Section 28, the Legislature had passed the Business Tax Act (gross receipts tax) which exempted those paying thereunder from paying taxes under the Property Tax Act (ad valorem tax). The Constitution then required that *all* property be taxed according to its value. Serious doubt existed over the constitutionality of the provision of the Business Tax Act which permitted those paying a gross receipts tax to escape the ad valorem taxation of their personal property, including business inventory, which other taxpayers were constitutionally required to pay according to the value of their personal property. Suit was filed in the Chancery Court of Davidson County seeking a declaratory judgment on the issue. *Metropolitan Government of Nashville & Davidson County v. Tidwell*, No. A–1081 (Davidson County Chancery Court, final decree February 29, 1972). The Attorney General of the State of Tennessee, The City of Memphis, The Metropolitan Government of Nashville & Davidson County et al. were parties to the suit. The only way the Acts could be constitutionally held together was to elide from the Business Tax Act the phrase which gave the exemption from property tax to those paying a gross receipts tax under the Business Tax Act. This elision culminated in merchants being taxed both under the Business Tax Act and the Property Tax Act—a result that is readily evident as opposite from that intended by the Legislature, albeit the result required by the Constitution. The Chancellor's ruling was not appealed by the parties but evidently was adhered to by taxpayers and assessors over the State.

In this light we have the meeting of the Limited Constitutional Convention of 1971.

One of the purposes of the convention was to amend the Constitution so that the Legislature would have more flexibility and therefore a more equitable power in the levying of taxes.

The Constitution or any amendment thereto must be construed so as to accomplish the intent of the framers. *Crown Enterprises Inc. v. Woods* (1977 Tenn.) 557 S.W.2d 491. In interpreting a Constitution we are not bound by constructions given to words by Courts in attempting to ascertain legislative intent relative to their use in particular statutes. In actuality, legislative intent has nothing to do with the formulation of a constitution or a constitutional amendment by the people through a convention assembled. A Legislature and a Constitutional Convention are different bodies. The final arbiters of the work of a Constitutional Convention are the people in their adoption or rejection of the Constitution or amendment proposed. See *Snow v. City of Memphis* (1975 Tenn.) 527 S.W.2d 55, 64; *Shelby County v. Hale* (1956) 200 Tenn. 503, 292 S.W.2d 745, 748. In contrast, when passing laws, the Legislature votes upon its own handiwork proposed by its own members and here ascertainment of legislative intent is obligatory.

As we read the portion of the Constitutional Amendment in question its purpose is to allow a merchant or business to pay only one tax instead of two on his inventory of goods—that one tax being based on gross receipts rather than ad valorem. This could not be done under the unamended Constitution because taxation of inventory thereunder could be based only on valuation. In other words, it is the purpose of the amendment to permit merchants or businesses to pay tax on their inventories as they receive the proceeds of their sale or exchange rather than when merchants buy the inventories' stock.

We refuse to use verbal tweezers and extract from the Constitution the single word "sell" and examine it under a legal microscope as suggested by counsel for appellants. We decline to consider the attachment or non attachment to "sell" of meanings as suggested by Courts in construing tax statutes or by legislators in defining words used in statutes adopted by the Legislature. In a constitutional construction we will use the entire pertinent portion of the phrase in order to come to a conclusion. The Legislature by the amendment to Article II, Section 28 is given power to levy on *merchants and businesses* a gross receipts tax (Business Tax Act) *in lieu* of *ad valorem* taxes (Property Tax Act) on inventories of merchandise held by such merchants and businesses for sale or exchange. In short the Legislature may levy on merchants and businesses a Business Tax in lieu of a Property Tax.

We believe it to have been the intent of the drafters of the amendment and the intent of the people in adopting the amendment that the Legislature would be empowered to levy taxes on a gross receipts basis on the inventories of merchants and that the Legislature could exempt those merchants from paying ad valorem taxes on those same inventories.

The main concern in the stated portion of the amendment was taxes on *inventories of goods* for consumption by the general public. Goods held for sale to the public or for rental to the public constitute inventories in either event. The design of the constitutional amendment is to permit the merchant or business (and a renter of goods is a merchant or is engaged in a business) to pay tax on the goods in stock as they are sold. Whether or not a chattel is sold and its value established in one transaction or its use is "sold" in many transactions, its value will be established in either event and taxes paid thereon.

To construe the amendment otherwise would be to presume an unfair discriminatory intent in the adoption of the amendment. Both the renter and the seller are merchants—both replenish stocks of goods—both ought to pay the taxes in a similar manner.

We concur in the conclusion found in the appellees' brief, viz.:

"Whether this case is considered on the basis of an analytical construction of the language of the statutes involved, or on the basis of the principles of Constitutional interpretation, or on the basis of fairness and equity to a limited category of merchants, or on the basis of a review of the statutory scheme inherent in the interplay of Article II, Section 28, the Property Tax Act and the Business Tax Act, the answer comes out the same: the Constitutional and statutory intent is to substitute the gross receipts tax of the Business Tax Act for the Property Tax Act's ad valorem tax on inventories of merchandise; and there is no basis for discrimination between inventories of merchandise held by rental merchants and those held by other retail merchants."

In closing it should be noted that we have not failed to observe that in his brief, counsel for appellants also argues that dire results will befall taxing authorities if we affirm the decision of the Chancellor and straw bugbears are set up for us to knock down. We are not in the business of slaying legal goblins and suffice it to say, we do not believe they exist.

For the reasons stated the decree below is affirmed. Costs of appeal are adjudged against the appellants.

Done at Jackson in the two hundred and fourth year of our Independence and in the one hundred and eighty-fourth year of our Statehood.

SUMMERS and EWELL, JJ., concur.