COBLE SYSTEMS, INC., d/b/a Leaseco, Plaintiff-Appellant,

v.

Sam ARMSTRONG, Jr., Trustee for Hardin County and Mark B. Alexander, City Recorder for City of Savannah, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

Oct. 4, 1983.

Rehearing Denied Oct. 24, 1983.

Permission to Appeal Denied by Supreme Court Dec. 19, 1983.

Alan B. Wright of Watkins, McGugin, McNeilly & Rowan, Nashville, for plaintiff-appellant.

W.W. Lackey, Savannah, for defendant-appellee Sam Armstrong, Trustee for Hardin County.

James A. Hopper, Savannah, for defendant-appellee Mark B. Alexander, City Recorder for City of Savannah.

TOMLIN, Judge.

The plaintiff seeks to have this Court reverse the decree of the Chancery Court of Hardin County, which decreed that plaintiff was not entitled to a refund of ad valorem personal property taxes paid under protest to the defendants. Only one issue is presented by this appeal: Can leased personal property located in one city and/or county be subjected to personal property ad valorem taxes in that city and/or county, when the rental receipts from this leased property have been included in computing the business tax paid by the owner in another city and/or county? The answer to this question is "no," and in so answering we reverse the decree of the chancellor.

Before detailing the facts and addressing the issue, we note that the proceedings in this Court are somewhat irregular, in that the extent of the appellee's brief is a one-page document stating to this Court that as their "brief" they adopt an opinion of the State Attorney General and rely upon the decree of the chancellor below (who also relied on the same opinion of the State Attorney General). This is contrary to the Tennessee Rules of Appellate Procedure, and specifically Rule 27. While we are prone to overlook this irregularity, we do not mean to condone or to encourage this practice.

The facts have been stipulated. Furthermore, the chancellor, in his memorandum opinion, made a clear and concise recitation of these stipulated facts. We quote:

The plaintiff, Coble Systems, Inc., d/b/a Leaseco, is in the business of leasing tangible personal property. The plaintiff's main business outlet is in Nashville, Davidson County, Tennessee. At no time has the plaintiff established a business outlet or business location in the City of Savannah or in Hardin County. During 1979 and 1980, the plaintiff leased personal property which was physically located in Savannah, Hardin County, Tennessee. The plaintiff has paid the Business Tax in Nashville and Davidson County of the gross receipts from the rental of the personal property located in Savannah, Hardin County. The defendants [the trustee for Hardin County and the City Recorder for the City of Savannah] in both years assessed the plaintiff for personalty taxes in the combined amount (four payments) of $2,538.14 on the leased property located in Savannah, Hardin County, Tennessee. The plaintiff timely paid all taxes assessed, and noted on all checks that the tax was being paid under protest and a transmittal letter stating that the tax was being paid under protest accompanied each check.

The entire sums paid by the plaintiff to the defedants (sic) were attributable to

personal property owned by the plaintiff and located in Savannah, Hardin County, Tennessee.

All personal property owned by the plaintiff located in Savannah, Hardin County, Tennessee was leased by the plaintiff and comprised a portion of the plaintiff's rental inventory used for the production of income in the plaintiff's business.

The plaintiff has paid the business tax for the year 1979 and 1980 with respect to all of its business locations in the State of Tennessee.

Both the City of Savannah and Hardin County, Tennessee, have adopted a business tax and during all relevant times both the City and County had the authority to levy the business tax on all businesses subject to such tax.

The chancellor, in decreeing that the leased tangible personal property of the plaintiff was subject to ad valorem taxation in the City of Savannah and in Hardin County, relied completely on Opinion No. 122 of the Attorney General of this state, the "Analyses" portion of which was quoted in its entirety by the chancellor. The chancellor ruled that this property was subject to taxation "since neither of these governmental entities levies a business tax upon the business which leases the property."

This opinion of the Attorney General was issued to the executive secretary of the Board of Equalization on September 8, 1980. This date is somewhat material in light of the fact that the opinions on which this Court relies were written prior to the issuance of this opinion. We acknowledge that administrative interpretations of taxation statutes made pursuant to opinions from the State Attorney General are entitled to great weight in statutory interpretation. *Murfreesboro Bank & Trust Co. v. Evans,* 193 Tenn. 34, 241 S.W.2d 862 (1951). However, we are of the opinion that the Attorney General misconstrued the statute and also failed to take into account the holding of our Supreme Court in the case of *White v. Roden Electrical Supply Co., Inc.,* 536 S.W.2d 346 (Tenn.1976). That portion

of the Attorney General's opinion on which the chancellor relied reads as follows:

The Business Tax Act subjects all lessors of tangible personal property to the business tax and specifically contemplates that leased tangible personal property is subject to ad valorem taxation. The Business Tax Act specifically provides in T.C.A. § 67–5814 for a credit against business tax liability for personal property taxes paid to the governmental entity assessing the business tax. This section also provides that the lessor and lessee by contract may agree that the lessee will claim the credit of this section against his business tax liability. However, in that event the lessor cannot claim the credit. This section specifically limits these credit provisions to personal property taxes paid to the governmental entity levying the business tax. This section provides in part:

Provided further, however, that the credit authorized in subsection (c) of this section is allowable only on returns filed with, and taxes paid to, each respective governmental entity to which personal property taxes are paid as a result of assessments made under the provisions of § 67–601, et seq.

Clearly relying heavily upon Tennessee Code Annotated § 67–5814 [now codified as § 67–4–713], the Attorney General concludes his opinion by stating:

[I]f the lessor is not paying the business tax in the county, the leased tangible personal property owned by the lessor and located in said county is properly assessed with personal property taxes by said county under T.C.A. § 67–621.

We submit that the Attorney General— hence, the chancellor—completely missed the point of T.C.A. § 67–5814. This code section has to do only with credits, not exemptions. *Black's Law Dictionary* (5th Ed.1979) defines "credit" as used in this context as follows: "In taxation, an amount which may be subtracted from the computed tax itself . . . ."

The provision of § 67–5814 quoted by the Attorney General was correctly quoted.

Subsection (c) [now Subsection (3) ] referred to in the quoted paragraph above, refers to personal property ad valorem taxes *paid* by the taxpayer during the tax year 1971 and following. What this section states is that a taxpayer may get credit—may exercise the right of subtracting the personal property tax paid from the business tax being levied—only if the business tax return is filed with the same governmental entity to which the personal property taxes had been *paid.* This code provision was designed for the purpose of obtaining credit to offset against taxes paid to the same governmental entity. Another provision of the same code section states that the taking of this tax credit had a limited life, as ad valorem taxes paid by a taxpayer could only be taken as a credit against the business tax paid to the same entity to and until April 30, 1975. For an interpretation and an application of this provision of T.C.A. § 67–5814, *see White v. Roden Electrical Supply Co., supra.*

It is not the contention of the plaintiff that it is entitled to *credit,* but that, under the case law interpreting the two taxation statutes involved, its leased personal property located in Hardin County is *exempt* from taxation. *Black's* defines "exempt" in this context as: "To relieve certain classes of property from ... taxation ...."

Furthermore, T.C.A. § 67–616 [now codified as § 67–5–901] of the Property Tax Act excepts [exempts] from taxation thereunder "inventories of merchandise held by merchants and businesses for sale and exchange by persons taxable under § 67–5801 et seq....."

T.C.A. § 67–5801 (Business Tax Act) [now codified as § 67–4–701] provides that "It is the legislative intent that the taxes [based on gross receipts] imposed by this chapter shall be in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange by persons taxable under this chapter ...." We readily agree with our brothers in the Middle Section who wrote, through then Presiding Judge Shriver, in the case of *Art Pancake's United Rent-All v. Ferguson,* 601

S.W.2d 926 (Tenn.App.1979) *cert. denied* (1980), that T.C.A. § 67–616 and § 67–5801 must be construed in *pari materia,* since there is a direct reference in one statute to the other.

In *City of Memphis v. American Express Co.,* 102 Tenn. 336, 52 S.W. 172 (1899), the plaintiff sued the defendant to recover privilege taxes paid by it to the city, alleging that it had paid a similar tax to the state. The plaintiff relied upon a provision of the Public Acts of 1897 about which the Supreme Court said:

> By this provision a privilege tax is laid, in favor of the state, on all express companies, and that tax is declared to be "in lieu of all other" privilege taxes. The words "in lieu of all other" privilege taxes show an indisputable purpose on the part of the legislature to exclude the right of any county or municipality to levy a privilege tax on express companies.

*Id.* at 173.

Our conclusion in this case, that the chancellor was in error, is controlled in large measure by an opinion of this Court written by now Presiding Judge Nearn, styled *Dixie Rents, Inc. v. City of Memphis, et al.,* 594 S.W.2d 397 (Tenn.App.1979) *cert. denied* (1980). This case stands for the proposition that a renter or lessor of property, who is subject to the gross receipts tax assessed under the Business Tax Act, is exempt from ad valorem taxes assessed under the Property Tax Act in the same manner as are inventories held by merchants for sale or exchange. The Attorney General's opinion clearly makes a distinction as to where the business tax and ad valorem taxes are paid as to whether or not there is liability for the latter after payment of the former. However, the rationale of this Court in *Dixie Rents* allows for no such distinction to be drawn. As a matter of fact, such a distinction flies in the face of this Court's rationale in *Dixie Rents.*

In 1971, the Limited Constitutional Convention adopted the following language as part of Article II § 28 of the Constitution to become effective in 1973:

In accordance with the following provisions, all property real, personal or mixed shall be subject to taxation . . . .

. . . .

The Legislature shall have power to tax merchants, peddlers, and privileges, in such manner as they may from time to time direct, and the Legislature may levy a gross receipts tax on merchants and businesses in lieu of ad valorem taxes on the inventories of merchandise held by such merchants and businesses for sale or exchange.

This Court, speaking through Judge Nearn in the *Dixie Rents* case, had this to say as to the purpose of such an amendment:

> [I]t is our opinion that one of the purposes of the Constitutional Amendment of 1973 was to prevent repressive taxation whereby unsold inventories of merchants, who most likely had to borrow funds at substantial interest rates to obtain those inventories, would be taxed on an ad valorem basis while such inventories remained unsold in these merchants' hands and also taxed again by a gross receipts tax when sold. Such a policy would inhibit merchants from carrying sizeable inventories ·since merchants would be taxed on the inventories' values every year that they were unsold and in the merchants' possession and then taxed again by a gross receipts tax when they were sold.

594 S.W.2d at 399.

. . . .

As we read the portion of the Constitutional Amendment in question its purpose is to allow a merchant or business to pay only one tax instead of two on his inventory of goods—that one tax being based on gross receipts rather than ad valorem.

. . . .

The Legislature by the amendment to Article II, Section 28 is given power to levy on *merchants and businesses* a gross receipts tax (Business Tax Act) *in lieu of* ad valorem taxes (Property Tax Act) on inventories of merchandise held by such merchants and businesses for sale or ex-

change. In short the Legislature may levy on merchants and businesses a Business Tax *in lieu of* a Property Tax. (Emphasis supplied).

We believe it to have been the intent of the drafters of the amendment and the intent of the people in adopting the amendment that the Legislature would be empowered to levy taxes on a gross receipts basis on the inventories of merchants and that the Legislature could *exempt* those merchants from paying ad valorem taxes on those same inventories. (Emphasis supplied).

*Id.* at 400.

To the same effect see *Art Pancake's United Rent-All v. Ferguson, supra.*

At no place, in either the constitutional amendment or the two taxation statutes involved, is a geographic limitation placed on personal ad valorem taxes when a business tax is paid. Furthermore, no such geographic limitation had been imposed on this exemption by the courts of this state until the opinion of the chancellor below. The effect of the chancellor's decision would result in double taxation, contrary to the meaning and intent of both our constitution and the holdings of the appellate courts of this state.

In light of the conclusions reached, the motion of appellees to declare this appeal to be a frivolous one is denied. The decree of the chancellor is reversed. The defendants are ordered to refund to the plaintiff the amount of the ad valorem personal property taxes paid to the respective defendants, plus interest as provided by law. This cause is remanded to the Chancery Court of Hardin County for further proceedings consistent with this opinion. Costs in this cause are taxed one-half to each defendant, for which execution may issue, if necessary.

NEARN, P.J., W.S., and HIGHERS, J., concur.