**EASTMAN KODAK COMPANY,** Plaintiff-Appellant,

v.

**Bill GARRETT, Trustee of the Metropolitan Government of Nashville & Davidson County, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Dec. 13, 1983.

Application for Permission to Appeal Denied April 2, 1984.

H. Naill Falls, Jr., Nashville, for plaintiff-appellant.

John P. Long, William F. Howard, Nashville, for defendant-appellee.

CRAWFORD, Judge.

Eastman-Kodak Company (hereinafter Eastman) appeals from the judgment of the Chancery Court dismissing its complaint. Eastman sued Bill Garrett, trustee of the Metropolitan Government of Nashville and

Davidson County, Tennessee (hereinafter Metro) to recover *ad valorem* taxes paid under protest on copiers and microfilm equipment which Eastman had leased to various customers located in the area of Metro's taxing authority. Eastman moved for summary judgment, and the court, after consideration, denied the motion for summary judgment and entered summary judgment for Metro dismissing Eastman's complaint.

The facts are virtually undisputed. Eastman maintains a Nashville office, and as part of its business operation in Davidson County holds and leases rental inventory consisting of copier-duplicaters and microfilm equipment. During the 1981 tax year, Kodak had equipment which it had leased to approximately 60 lessees for which Metro assessed personal property *ad valorem* taxes in the amount of $50,650.39. Eastman paid the tax under protest and seeks a refund in this action. Eastman also paid gross receipts taxes to Davidson County under the Business Tax Act and contends that it is not subject to taxation under the Property Tax Act on its equipment leased to others.

The issue presented for review is whether a merchant taxable under the Business Tax Act may also be subjected to *ad valorem* property taxes with respect to property of the merchant leased to and in the possession of the lessee.

We believe this case is controlled by *Dixie Rents, Inc. v. City of Memphis*, 594 S.W.2d 397 (Tenn.App.1980) and *Coble Systems, Inc. d/b/a Leaseco v. Sam Armstrong, Jr., Trustee for Hardin County, et al*, unreported opinion, Western Section, Tennessee Court of Appeals, filed October 4, 1983, and permission to appeal filed November 2, 1983.

In *Dixie Rents, Inc., supra*, suit was filed by merchants in a leasing business who were taxed under the Business Tax Act, Tenn.Code Ann. § 67–5801 *et seq.* For the years in question, these merchants were also assessed taxes pursuant to the Property Tax Act, Tenn.Code Ann. § 67–601 *et seq.* In a well-reasoned opinion,

Judge Nearn, speaking for the court, discussed the evolution of the Business Tax Act and the Property Tax Act resulting in the 1971 limited constitutional convention to amend Article II, Section 28 of the Constitution of Tennessee. In holding that property held for lease was inventory within the meaning of Article II, Section 28, and thus not subject to property taxes, the court said:

> The main concern in the stated portion of the amendment was taxes on *inventories of goods* for consumption by the general public. Goods held for sale to the public or for rental to the public constitute inventories in either event. The design of the constitutional amendment is to permit the merchant or business (and a renter of goods is a merchant or is engaged in a business) to pay tax on the goods in stock as they are sold. Whether or not a chattel is sold and its value established in one transaction, or its use is "sold" in many transactions, its value will be established in either event and taxes paid thereon.

*Id.* at 400.

Metro asserts that the opinion in *Dixie Rents, Inc., supra*, applies only to property of the lessor which the lessor has in its possession and has not leased out. This is a strained reading of the case. We think the opinion is quite clear that inventory includes property held for lease, and just because the property has been leased to a lessee, it does not cease to be the property of the lessor and therefore, inventory. Obviously, property could be returned to the lessor and re-leased on one or numerous occasions during the life of the property within various periods for taxation under the applicable statutes. Clearly, on each such transaction, gross receipts therefrom would be subject to the applicable business tax. Our opinion that *Dixie Rents, Inc., supra*, controls is bolstered by the recent decision in *Coble, supra*, by Judge Tomlin. The question in issue in that case is closely analogous to the question presented in this case, and was presented in the opinion as: "Can leased personal property located in

one city and/or county be subjected to personal property *ad valorem* taxes in that city and/or county when the rental receipts from this leased property have been included in computing the business tax paid by the owner in another city and/or county?" *Id.* at pp. 1 & 2. Judge Tomlin answered that question, "no," and reversed the decree of the chancellor that had held otherwise. In this case, property that had been leased and in the hands of the lessee was taxed to the lessor who had also paid a tax on gross receipts under the Business Tax Act in the county where it maintained its office. The only difference in the *Coble* case and the case before us is that the leased property was taxed by a different taxing authority than the one that taxed under the Business Tax Act. The taxing authorities in *Coble* did not seriously contend that since the leased property was in the hands of the lessee, the lessor should be liable for *ad valorem* taxes on the property, but based their contention on the fact that two different taxing authorities were involved. Judge Tomlin reviewed the judgment of the trial court allowing the *ad valorem* tax and held that the effect of the chancellor's decision would result in double taxation contrary to the meaning and intent of the constitution and the holding in *Dixie Rents, Inc., supra.*

It is inescapable that to allow Metro to collect both the personal property tax and the business tax in the case before us would be contrary to the mandate of the Tennessee Constitution, Article II, Section 28, the provisions of the taxing statutes and prior holdings of this court in *Dixie Rents, Inc., supra,* and *Coble, supra.* Therefore, the decree of the chancellor is reversed, and we hold that the appellant is entitled to a refund of the amount of the *ad valorem* personal property taxes paid under protest plus interest as provided by law. This case is remanded for further proceedings consistent with this opinion. The costs of the appeal are assessed against the appellee.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.