**IBM CREDIT CORPORATION,**
**Plaintiff/Appellee,**

v.

**COUNTY OF HAMILTON and W.R. Nobles, Trustee for Hamilton County; City of Chattanooga and Carl Levi, Chattanooga City Tax Collector, Defendants/Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

Jan. 23, 1992.

Permission to Appeal Denied by
Supreme Court May 4, 1992.

James Gooch, Michael D. Sontag and John R. Jacobson, Bass, Berry & Sims, Nashville for plaintiff/appellee.

Michael J. Mann, County Atty., and David W. Norton, Asst. County Atty. for Hamilton County, Chattanooga, for County of Hamilton.

Wm. Shelley Parker, Jr. and Randall L. Nelson, City Atty., Eugene N. Collins, City Atty., Sp. Counsel, Chattanooga, for City of Chattanooga and Carl Levi.

Stewart Jenkins and Robert D. Bradshaw, Chattanooga, for W.R. Nobles.

## OPINION

FRANKS, Judge.

The Chancellor ordered the plaintiff reimbursed by the taxing authorities for taxes paid under protest, and defendants have appealed.

The issue on appeal is whether plaintiff is required to pay personal property taxes under Tenn.Code Ann. § 67–5–901 *et seq.* for tangible personal property previously leased to third parties. We think not.

The facts are not disputed. Plaintiff leased tangible personal property to customers in Chattanooga and Hamilton County in 1988 and paid business taxes to the City and County on the gross receipts derived from its 1988 leases. Plaintiff also paid personal property taxes of $109,139.47 and $103,594.64 under protest to the City and County.

Two types of taxes are involved in this dispute. Business Tax Act, Tenn.Code Ann. § 67–4–701 *et seq.* is a gross receipts tax that plaintiff has paid on the income derived from its leasing business. It is not disputed that this tax should have been paid, and it was. Property Tax Act, Tenn. Code Ann. § 67–5–101 *et seq.* imposes an ad valorem tax based on the value of the article taxed. The disputed tax was assessed pursuant to this section.

Plaintiff argues its business tax is paid "in lieu of" any personal property tax on inventories, whether the property is in the hands of the lessee or the lessor. While defendants agree that inventories in possession of the lessor are exempt from personal property taxes, they argue property in possession of the lessee is not exempt, but acknowledge *Eastman Kodak Co. v. Garrett,* 671 S.W.2d 474 (Tenn.App.1984) directly contradicts this position. It is asserted that § 67–5–904(d) which requires lessors to report personal property for assessment and § 67–4–713(a)(3) which allows a credit for personal property tax is paid to offset business taxes, demonstrate that *Eastman Kodak Co.* is contrary to the legislative intent expressed.

Article 2, § 28 of the Constitution, allows the legislature to "Levy a gross receipts tax on merchants and businesses in lieu of ad valorem taxes on the inventories of merchandise held by such merchants and businesses for sale or exchange." The purpose of the 1973 constitutional amendment was to prohibit taxation of inventories ad valorem before sale, and again on a gross receipts tax basis, when sold. *Dixie Rents, Inc. v. City of Memphis,* 594 S.W.2d 397 (Tenn.App.1979). Merchandise held for "sale or exchange" includes rental or leased merchandise, *Id.* 399. Reading the two tax statutes *in pari materia,* this Court has concluded that when a lessor has paid business taxes on the lease income, the lessor is exempt from property taxes on the value of the leased goods. § 67–4–701(b) of the Business Tax Act states:

"It is the legislative intent that the taxes imposed by this part shall be *in lieu of any and all ad valorem taxes* on the inventories of the merchandise held for sale or exchange by persons taxable in this part." (Emphasis added).

Section 67–5–901(a) of the Personal Property Tax exempts "inventories of merchandise held by merchants in businesses for sale and exchange" by persons taxable under the Business Tax Act. On similar facts, we have construed the two predecessors to the statutes at issue to find that the lessor was exempt from property taxes. *Art Pancake's United Rent–All v. Ferguson,* 601 S.W.2d 926 (Tenn.App.1979).

The issue is resolved by the rationale employed in *Eastman Kodak Co.,* and *Cable Systems, Inc. v. Armstrong,* 660 S.W.2d 802 (Tenn.App.1983). In *Cable,* the court observed that a credit is unlike an exemption. *Id.* at 804. If the lessor is not liable for the tax in the first place, the issue of credit is never triggered, which negates defendants' theory of a credit against the business tax for personal property taxes.[1]

The judgment of the Trial Court is affirmed and the cause remanded with the costs assessed to appellants.

SANDERS, P.J., and McMURRAY, J., concur.

---

**1.** For an example of a non-leasing case in which a merchant took credit against business taxes for personal property taxes paid, see *Worrall v. Kroger Co.,* 545 S.W.2d 736 (Tenn.1977).